IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| DENNIS R. SCIOTTO *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>ASSOCIATION OF APARTMENT OWNERS OF HANALEI BAY RESORT,<br><br>Defendant. | Case No. 19-cv-00433-DKW-WRP<br><br>**ORDER (1) GRANTING DEFENDANT'S MOTION TO DISMISS, AND (2) DISMISSING THE COMPLAINT WITHOUT LEAVE TO AMEND** |

This is a dispute about available parking spaces in a shared parking lot. Defendant has moved pursuant to Fed.R.Civ.P. 12(b)(1) to dismiss this action for lack of subject matter jurisdiction, contending that: (1) Plaintiffs claims must be resolved in arbitration; and (2) the Court has neither diversity nor federal question jurisdiction over this case. Dkt. No. 10. Although Plaintiffs have indicated a willingness to engage in arbitration, they contend nothing requires that they do so, much less that this Court must dismiss this action to allow for arbitration to take place. *See* Dkt. No. 14-2 at 12–19.

The Court need not decide whether arbitration is required because this Court lacks jurisdiction under either 28 U.S.C. Section 1331 or 1332. Accordingly, Defendant's motion is GRANTED, and this case is DISMISSED WITHOUT PREJUDICE.

# FACTUAL & PROCEDURAL BACKGROUND

## A. The Parties

Plaintiffs Dennis R. Sciotto and Carol Ann Sciotto are the Trustees of the Dennis R. Sciotto and Carol Ann Sciotto Community Property Trust and residents and citizens of the State of California. Dkt. No. 1, ¶ 8. Plaintiffs Edward E. Colson, III and Karen Jeanne Colson are Trustees of the Colson Family Trust and are residents and citizens of the State of California. *Id.* at ¶ 9. The Sciottos and Colsons are joint owners of Commercial Unit 16A at the Hanalei Bay Resort (the Resort), a condominium project located in Princeville, Hawaii. *See id.* at ¶¶ 8–10. The tenants in Unit 16A are the Bali Hai Restaurant (Bali Hai) and Happy Talk Lounge (Happy Talk). *See id.* at ¶ 12. Defendant Association of Apartment Owners of Hanalei Bay Resort (AOAO) is an association of apartment owners, acting by and through its Board of Directors. *Id.* at ¶ 10.

## B. The Underlying State Court Action and Arbitration

In September of 2016, the Sciottos, the Colsons, and HBR Enterprises, LLC d/b/a Bali Hai and Happy Talk (HBR) jointly filed suit in Hawaii state court. Dkt. No. 10-7. In the complaint, Plaintiffs and HBR alleged that the AOAO had "illegally" permitted residential units at the Resort to be split into two or three separate units, referred to as "lockouts," and as a result, there was a higher demand for parking than the Resort was designed to accommodate. *See* Dkt. No. 10-7, ¶¶

15–19. Following a July 1, 2011 fire at the Resort, which severely damaged the Bali Hai and Happy Talk, the AOAO Board decided to install a parking gate system and implement valet parking at certain times. *See* Dkt. No. 1, ¶¶ 13–14; Dkt. No. 10-7, ¶¶ 20–21, 29–30. According to Plaintiffs and HBR, the parking gate prevented patrons and employees of Unit 16A from accessing a large number of the common element parking spaces at the Resort, and the AOAO required Unit 16A to cover at least some of the valet parking costs. Dkt. No. 1, ¶ 14; *see* Dkt. No. 10-7, ¶¶ 14–15; Dkt. No. 10-4 at 26–27.

Due to the AOAO's parking measures, Plaintiffs and HBR sought declaratory, injunctive, and monetary relief and asserted the following seven claims: (1) Breach of Contract, Breach of Governing Documents and Protective Covenants, Conditions and Restrictions; (2) Breach of Fiduciary Duty and other Common law Duties; (3) Violation of Haw. Rev. Stat. Sections 514A, 514B; (4) Negligence; (5) Gross Negligence; (6) Organized Crime and Racketeering in Violation of Haw. Rev. Stat. Section 842-2; and (7) Unfair Competition in Violation of Haw. Rev. Stat. Section 480. Dkt. No. 10-7 at 7–10. The parties ultimately stipulated to dismiss all claims without prejudice and participate in arbitration. Dkt. Nos. 10-10, 10-11.

The arbitrator, now-Judge Mark Bennett of the Ninth Circuit Court of Appeals, issued a Final Arbitration Order on March 30, 2018. Dkt. No. 10-4 at 72. The arbitrator, in relevant part, ruled as follows:

(1) "[T]he parking plan," *i.e.*, the gate and valet measures, is "unreasonable and inconsistent with and/or not allowed by the governing documents of the Resort" because the plan "unfairly, unreasonably, and inappropriately disadvantaged commercial Unit 16A" by restricting common element parking available for Unit 16A patrons. Dkt. No. 10-4 at 5, 9, 11, 13–14.

(2) An injunction was issued in favor of the "the owners of Unit 16A," prohibiting the AOAO from using the "current parking gate system," but the AOAO Board "may, however, establish a valet parking system, as long as all valet parking charges are charged strictly as common area maintenance to all owners, according to their . . . common area maintenance/common interest percentage." *Id.* at 5–6, 17–20.

(3) The Sciottos and the Colsons were awarded damages for the valet charges they paid. *Id.* at 6, 28. The other damages claimed by Plaintiffs and HBR were "speculative, unproven, or unavailable, and rejected." *Id.* at 6; *see id.* at 28–32.

(4) The AOAO's "lien" for the unpaid valet parking costs and interest imposed on the owners of Unit 16A "is unenforceable and void." *Id.* at 27. The other fines or assessments imposed on Unit 16A for a sign opposing the parking situation, awning(s), a construction container, and Christmas lights are "unreasonable and unenforceable" and the AOAO was ordered to expunge the associated liens. Dkt. No. 10-4 at 7, 37–45, 47–48.

(5) The unpaid assessments imposed on Unit 16A for landscaping and insurance premiums were valid and the AOAO was awarded damages in the form of a setoff against the amounts awarded to the Sciottos and the Colsons. *Id.* at 7, 45–46, 48–49.

(6) By instituting the parking policy, the AOAO "breached a fiduciary duty" owed to the owners of Unit 16A, but no additional damages were awarded. *Id.* at 60.

(7) Plaintiffs and HBR failed to establish that they were "entitled to any relief with regard to the lockouts." *Id.* at 6, 34–36.

(8) The AOAO is not required to "provide for or build additional parking." *Id.* at 7, 51–53.

(9) Plaintiffs' and HBR's claims for negligence, gross negligence, organized crime/racketeering, and unfair competition, failed because there was either no legal basis for the claim or the claim was unsupported by the facts. *Id.* at 7, 61–62.

Although each party prevailed on some issues, the arbitrator found that "on balance" the Sciottos and the Colsons (the owners of Unit 16A) were the prevailing parties, and thus, the arbitrator required the AOAO to pay the attorneys' fees for the Sciottos and the Colsons. Dkt. No. 10-4 at 8, 70–71.

The parties then jointly requested an order confirming the Final Arbitration Award in state court, Dkt. No. 10-13, and subsequently filed a notice acknowledging complete satisfaction of the monetary amount awarded by the arbitrator. Dkt. No. 10-14. On September 20, 2018, the state court entered judgment. Dkt. No. 10-15. No appeal was filed.

### C. The Instant Lawsuit

On August 12, 2019, less than a year after the state court entered its judgment, Plaintiffs filed this lawsuit in federal court. Dkt. No. 1. Plaintiffs allege the AOAO has engaged in three forms of misconduct. First, Plaintiffs assert that although the AOAO has removed the parking gates, the AOAO "is still blocking Happy Talk customers from using common parking via traffic cones and blocking off the entrance to parking via cones and golf carts manned by security guards" and misrepresenting "to patrons of unit 16A that they cannot park on the common elements." *Id.* at ¶¶ 53–54. Second, Plaintiffs aver that the AOAO has a bar at the

Resort. Plaintiffs' issue with the bar is that: (1) the AOAO "is not similarly discriminating against its own customers" or other patrons of the Resort; and (2) the AOAO's bar is offering "free alcoholic beverages to its customers as part of its scheme to compete unfairly with Plaintiffs . . . and Happy Talk." *Id.* at ¶¶ 55–56. Finally, Plaintiffs maintain that the AOAO has "refused to provide proper and necessary insurance coverage to Unit 16A." *Id.* at ¶ 57.

Based on this alleged conduct, Plaintiffs assert the following eight counts:

(1) Declaratory and Injunctive Relief for Additional Parking at the Resort and to Prohibit Lockouts

(2) Violation of 15 U.S.C. Sections 1125(a)(1)(A)–(B) under the Lanham Act

(3) Breach of Fiduciary Duty

(4) Unfair Competition Under Haw. Rev. Stat. Section 480-1 *et seq.*

(5) Organized Crime in Violation of Haw. Rev. Stat. Section 842-1 *et seq.*

(6) Bad Faith

(7) Violation of Governing Documents and Haw. Rev. Stat. Section 514B

(8) Detrimental Reliance and Equitable Estoppel

## **STANDARD OF REVIEW**

On a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1), "[t]he party asserting jurisdiction bears the burden of establishing subject matter jurisdiction." *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984 (9th Cir. 2008); *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009). How the Court resolves the motion

depends on whether the defendant raises a "facial or factual" jurisdictional attack. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

A defendant asserts a "facial" challenge when they accept the plaintiff's allegations as true but assert that they "are insufficient on their face to invoke federal jurisdiction." *Id.* The defendant raises a "factual" challenge, however, if it "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). Here, the AOAO's motion is a hybrid. As to the question of diversity jurisdiction, the AOAO mounts a factual challenge because the AOAO relies on the declaration of the President of the AOAO Board, stating that he is an owner and member of the AOAO and that he is a citizen of California. Dkt. No. 10-1 at 22 (citing Dkt. No. 10-3). With respect to the existence of federal question jurisdiction, however, the AOAO asserts a facial challenge because the AOAO merely contends that, based on the allegations in the four corners of the complaint, Plaintiffs' claim under the Lanham Act, 15 U.S.C. § 1125(a), "is immaterial, made solely for the purpose of obtaining jurisdiction, and is frivolous." Dkt. No. 10-1 at 23.

"When the defendant raises a factual attack, . . . [t]he plaintiff bears the burden of proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met" and "the district court may resolve those factual disputes itself." *Leite*, 749 F.3d at 1121 (internal citations omitted); *Savage*

*v. Glendale Union High Sch., Dist. No. 205*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003); *Safe Air for Everyone*, 373 F.3d at 1039 (stating that "the district court may review evidence beyond the complaint" in resolving a "factual" challenge "without converting the motion to dismiss into a motion for summary judgment").[1] By contrast, a district court reviews "a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite*, 749 F.3d at 1121.[2]

## DISCUSSION

Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court

---

[1] The caveat is that some facts are not subject to judicial determination. "[A] court must leave the resolution of material factual disputes to the trier of fact when the issue of subject-matter jurisdiction is intertwined with an element of the merits of the plaintiff's claim." *Leite*, 749 F.3d at 1122 n.3; *Robinson*, 586 F.3d at 685. Here, the citizenship of the AOAO's members is not a fact that pertains to any of the elements of Plaintiffs' claims.

[2] Because the standard of review under Rule 12(b)(6) mirrors that applied on a Rule 12(b)(1) facial challenge, the Court may, in addition to the complaint, "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). First, pursuant to Fed.R.Evid. 201, a court may take judicial notice of "undisputed matters of public record," such as "documents on file in federal or state courts," *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2001), but "a court cannot take judicial notice of disputed facts contained in such public records." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). Second, extrinsic documents are necessarily incorporated into the complaint by reference "if the document's authenticity is not contested and the plaintiff's complaint necessarily relies on it." *Johnson v. Fed. Home Loan Mortg. Corp.*, 793 F.3d 1005, 1007 (9th Cir. 2015); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Applying these principles here, the Court will consider the underlying complaint and the Final Arbitration Order to the extent they are relevant in resolving the AOAO's facial challenge regarding federal question jurisdiction.

determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." The AOAO argues this Court lacks subject matter jurisdiction because: (1) Plaintiffs claims are subject to arbitration under Haw. Rev. Stat. Section 514B-162 and a prior agreement by the parties to arbitrate; and (2) there is not complete diversity of citizenship, and Plaintiffs' "sole federal claim is immaterial and made solely for the purpose of obtaining jurisdiction, or is wholly insubstantial and frivolous." Dkt. No. 10 at 2.[3] There is no need to reach the first issue because the Court concludes that neither diversity of citizenship jurisdiction nor federal question jurisdiction exists.

## I. Diversity of Citizenship Jurisdiction Does Not Exist

28 U.S.C. Section 1332 grants federal courts "diversity of citizenship" jurisdiction over civil actions in which (i) the amount in controversy exceeds $75,000, exclusive of interest and costs, and (ii) the dispute is between "citizens of different States." Only the second requirement is at issue here, Dkt. No. 10-1 at 22,

---

[3]Plaintiffs correctly point out that the AOAO failed to comply with LR 7.8 because the AOAO's motion does not contain a statement certifying that counsel discussed the substance of the motion at least seven days before filing the motion. Dkt. 14-2 at 1, 5–6; LR 7.8. Indeed, counsel for the AOAO acknowledges that they failed to comply with LR 7.8 because they were "unaware of the amendment to LR 7.8." Dkt. No. 15 at 4. Nonetheless, once the AOAO's counsel was made aware of the omission, counsel for the parties discussed the motion via email and telephone and they were unable to reach a resolution because there was a difference of opinion on the threshold issue of whether the Court lacks subject matter jurisdiction. *See id.*; Dkt. No. 15-1, ¶¶ 2–7. Under these circumstances, and given that the amendments to the Local Rules became effective (18) days before the AOAO filed its motion, the Court exercises its discretion and declines to strike the AOAO's motion. Counsel is advised, however, to strictly adhere to the rule in the future.

which requires "complete diversity" of citizenship "between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *see also Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("[T]he presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the same action.").

For diversity purposes, an individual's citizenship is determined by the State of their domicile, not their State of residence. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *see Lew v. Moss*, 797 F.2d 747, 752 (9th Cir. 1986) ("Domicile . . . requires both physical presence at a given location and an intent to remain there indefinitely."). On the other hand, an unincorporated entity "possesses the citizenship of all its members." *Americold Realty Trust v. ConAgra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016) (recounting that the Court has identified "the members of a joint-stock company as its shareholders, the members of a partnership as its partners, the members of a union as the workers affiliated with it, and so on."); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

Complete diversity is not evident in this case. Both the Sciottos and the Colsons aver they are "residents and citizens" of California. Dkt. No. ¶¶ 8–9. With regard to the AOAO's citizenship, Plaintiffs do not dispute that the AOAO is an unincorporated association. Dkt. No. 14-2 at 20. Instead, Plaintiffs allege that the AOAO is established pursuant to Haw. Rev. Stat. Sections 514A and 514B, *id.* at ¶

- 10 -

10, and argue that because the AOAO is "a creature of Hawaii statute," its "citizenship must be deemed to be Hawaii." Dkt. No. 14-2 at 20. But that is not the law. "So long as such an entity is unincorporated"—and that is the case for the AOAO—"it possesses the citizenship of all its members." *Americold Realty Trust*, 136 S. Ct. at 1015 (holding that a "real estate investment trust organized under Maryland law" possessed the citizenship of its members, the shareholders); *Johnson v. AOAO Makai Club*, No. 09-00072, 2009 WL 2972840, at *3 (D. Haw. Sept. 17, 2009) (holding that the AOAO Makai Club is an "unincorporated association"). Hawaii statute provides that the members of the AOAO are "all the unit owners." Haw. Rev. Stat. § 514B-102(b). The President of the AOAO Board, Geoffrey King, stated in his declaration that he is "an owner and member of the AOAO" and is a "citizen of the State of California, and domiciled within the State of California." Dkt. No. 10-3, ¶ 7. Plaintiffs did not attempt to rebut King's testimony. Therefore, the Court concludes the AOAO is a citizen of California, as are the Sciottos and Colsons. *Leite*, 749 F.3d at 1121.

Accordingly, the Court cannot assert jurisdiction under 28 U.S.C. Section 1332 because there is not complete diversity of citizenship.

**II.    Federal Question Jurisdiction Does Not Exist**

28 U.S.C. Section 1331 grants federal courts so-called "federal question" jurisdiction over civil actions "arising under" federal law. Jurisdiction under Section

1331 is proper if the plaintiff "pleads *a colorable* claim 'arising under' the Constitution or laws of the United States." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006) (emphasis added). There is a difference, however, "between failing to raise a substantial federal question for jurisdictional purposes . . . and failing to state a claim for relief on the merits." *Shapiro v. McManus*, 136 S. Ct. 450, 455 (2015) (collecting cases). "[T]he absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction," *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998), but a plaintiff cannot invoke Section 1331 jurisdiction by asserting a federal claim that is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *See id.* (quoting *Oneida Indian Nation of N. Y. v. County of Oneida,* 414 U.S. 661, 666 (1974)); *Bell v. Hood*, 327 U.S. 678, 682–683 (1946) ("[A] suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous."). "[T]he test is whether the cause of action is so *patently without merit* as to justify the court's dismissal for want of jurisdiction." *Duke Power Co. v. Carolina Envt'l Study Grp., Inc.*, 438 U.S. 59, 70 (1978) (ellipsis and internal quotation marks omitted)). Here, the Court concludes that Plaintiffs'

asserted federal claim is not colorable or arguable; it falls in the category of "wholly insubstantial and frivolous" or "patently without merit."

Plaintiffs assert only one federal claim in their complaint. In Count II, they allege the AOAO violated Section 1125(a)(1)(A)–(B) of the Lanham Act (the Act), 15 U.S.C § 1051 *et seq*. Dkt. No. 1, ¶¶ 65–70. Congress provided a "detailed statement of the [Act]'s purposes." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 127 (2014). Section 1127 provides:

> The intent of this chapter is to regulate commerce within the control of Congress by making actionable the deceptive and misleading use of marks in such commerce; to protect registered marks used in such commerce from interference by State, or territorial legislation; to protect persons engaged in such commerce against unfair competition; to prevent fraud and deception in such commerce by the use of reproductions, copies, counterfeits, or colorable imitations of registered marks; and to provide rights and remedies stipulated by treaties and conventions respecting trademarks, trade names, and unfair competition entered into between the United States and foreign nations.

15 U.S.C. § 1127. "The Lanham Act's trademark provisions are the primary means of achieving these ends,"[4] but the Lanham Act also "creates a cause of action for unfair competition through misleading advertising or labeling." *POM Wonderful LLC v. Coca-Cola Co.*, 573 U.S. 102, 107 (2014). The Act's cause of action, however, "is for competitors, not consumers." *Id.*

---

[4] *Cf.* 15 U.S.C. § 1114(1).

The cause of action under Section 1125(a) of the Act imposes civil liability on any person who:

> [U]ses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities . . .

15 U. S. C. § 1125(a)(1)(A)–(B). "Section 1125(a) thus creates two distinct bases of liability: false association, §1125(a)(1)(A), and false advertising, §1125(a)(1)(B)." *Lexmark*, 572 U.S. at 122. "Because of its inherently limited wording, [Section 1125(a)] can never be a federal 'codification' of the overall law of 'unfair competition,' but can apply only to certain unfair trade practices prohibited by its text." *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 29 (2003) (internal citation and quotation marks omitted).

Here, Plaintiffs allege they have a cause of action under subsection (A) and (B). Accepting Plaintiffs' allegations as true, Plaintiffs' attempt to shoehorn the

alleged facts of this case into a cause of action under the Lanham Act is "patently without merit."[5]

First, Plaintiffs allegations do not give rise to a "colorable" false association claim under Section 1125(a)(1)(A) because Plaintiffs' issue with the AOAO has nothing to do with the AOAO using a trademark or a "misleading representation of fact" that "cause[d] confusion" as to who owns, sponsors, or is affiliated with Plaintiffs, Happy Talk, or Bali Hai. 15 U. S. C. § 1125(a)(1)(A); *Summit Mach. Tool Mfg. Corp. v. Victor CNC Sys.*, 7 F.3d 1434, 1437 (9th Cir. 1993) (noting that "the Act proscribes conduct that is the "economic equivalent" of passing off, including "reverse palming off."). Plaintiffs do not dispute this conclusion. *See* Dkt. No. 14-2 at 20.

Second, there is no colorable false advertising claim for Plaintiffs under Section 1125(a)(1)(B). Although Plaintiffs assert that the AOAO is misrepresenting "to patrons of unit 16A that they cannot park on the common elements" and that the

---

[5]Plaintiffs provide the correct standard of review for a motion under Rule 12(b)(1) but, at the same time (for whatever reason), Plaintiffs recite the pre-*Twombly-Iqbal* standard for a Rule 12(b)(6) motion. Dkt. No. 14-2 at 2. If the Court were to construe the AOAO's motion as one under Rule 12(b)(6) for purposes of Plaintiffs' claim under the Lanham Act, this "would only require a new Rule 12(b)(6) label for the same Rule 12(b)(1) conclusion." *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 254 (2010). The only difference is that a dismissal under Rule 12(b)(1) "must be without prejudice" whereas a dismissal under Rule 12(b)(6) is "with prejudice" because it is a decision "on the merits." *Hampton v. Pac. Inv. Mgmt. Co. LLC*, 869 F.3d 844, 846 (9th Cir. 2017); *Cooper v. Ramos*, 704 F.3d 772, 776–77 (9th Cir. 2012); *see also Bell*, 327 U.S. at 682.

AOAO is "directly interfering with Plaintiffs' business operations by making false or misleading statements with respect to parking and valet costs," Dkt. No. 1, ¶¶ 54, 68, these statements were not made "in a commercial advertisement"; the statements have nothing to do with the AOAO's "own or another's product"; and, assuming that the AOAO or its agents are, in fact, misdirecting patrons in the Resort parking lot, the AOAO clearly has not "caused its false statement to enter interstate commerce." *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997) (listing elements of false advertising claim under the Act).[6]

The frivolous nature of Plaintiffs' lone federal claim is further borne out by their other allegations. For instance, Plaintiffs assert that the AOAO is "blocking Happy Talk customers from using common parking" with "traffic cones" and "golf carts manned by security guards." Dkt. No. 1, ¶ 53. But this is irrelevant insofar as the Lanham Act is concerned because Section 1125(a) is not a federal cause of action for tortious interference with prospective business opportunity. *See Kahala Royal Corp. v. Goodsill Anderson Quinn & Stifel*, 151 P.3d 732, 748 n.18 (Haw. 2007); *see Dastar Corp.*, 539 U.S. at 29. And as to Plaintiffs' grievance that the AOAO is "offering free alcohol to lure patrons to its own bar" as "part of its scheme to compete unfairly with Plaintiffs and their tenant," Dkt. No. 1, ¶¶ 54, 67, while such conduct

---

[6]*See also Southland Sod Farms*, 108 F.3d at 1139 & n.3 (emphasizing "it is the statement itself, rather than the falsely advertised goods or services, that must be used in interstate commerce").

might provide a basis for an HRS §480 unfair competition claim, it has nothing to do with the type of "unfair competition" within the scope of the Lanham Act.

In sum, the protections and purposes of the Lanham Act are not even remotely implicated by Plaintiffs' allegations. Despite Plaintiffs citing the Lanham Act as one basis for obtaining the relief they seek, the claim is so "patently without merit," *Duke Power Co.*, 438 U.S. at 70, and wholly "frivolous" that it appears Plaintiffs merely cited the Lanham act "solely for the purpose of obtaining jurisdiction." *Bell*, 327 U.S. at 682–83. This is underscored by the fact that Plaintiffs' argument on the issue in their opposition to the AOAO's motion spans less than a half-page and is bereft of a single citation to any legal authority. *See* Dkt. No 14-2 at 20–21. As such, Plaintiffs cannot invoke this Court's subject matter jurisdiction under 28 U.S.C. Section 1331. Where, as here, subject matter jurisdiction does not exist over a federal claim, a federal district court has "no discretion to exercise supplemental jurisdiction over [a plaintiff]'s state law claims." *Prather v. AT&T, Inc.*, 847 F.3d 1097, 1108 (9th Cir. 2017), *cert. denied*, 137 S. Ct. 2309 (2017).[7]

---

[7] *See also Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir. 2001) ("If the district court dismisses all federal claims on the merits, it has discretion under [28 U.S.C.] § 1367(c) to adjudicate the remaining claims; if the court dismisses for lack of subject matter jurisdiction, it has no discretion and must dismiss all claims.").

Because there is no basis for subject matter jurisdiction over this action, the AOAO's motion is GRANTED, and the complaint is DISMISSED WITHOUT PREJUDICE.

### III. Leave to Amend

Plaintiffs request leave to amend. Dkt. No. 14-2 at 4. Where an action is dismissed for lack of subject matter jurisdiction, a court is well within its discretion to deny leave to amend if the amendment would be futile. *In re Dynamic*, 546 F.3d at 990; *see also Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (delineating four reasons a court may deny leave to amend: "bad faith, undue delay, prejudice to the opposing party, and/or futility"); *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, amendment would be futile for two reasons. First, as to federal question jurisdiction, Plaintiffs offered virtually no argument on the issue and did not proffer any additional facts to suggest that there is any more to Plaintiffs' purported Lanham Act claim than what was already alleged. *See* Dkt. No. 15 at 6–7. Second, with respect to diversity of citizenship jurisdiction, Plaintiffs were already provided the opportunity to produce evidence establishing that Plaintiffs and the members of the AOAO were not citizens of the same State, and they failed to offer any such evidence or explain why they failed to do so. Instead, they rested on an erroneous understanding of the law. That is not something an amendment can cure.

Because leave to amend in this instance would be a useless formality that will inevitably prejudice the AOAO by delaying the expeditious resolution of this litigation in the state court, leave to amend is denied.

## **CONCLUSION**

For the reasons set forth herein, Defendants' Motion to Dismiss the Complaint, Dkt. No. 10, is GRANTED, and the Complaint is DISMISSED WITHOUT PREJUDICE and WITHOUT LEAVE TO AMEND.

The Clerk is DIRECTED to close this case.

IT IS SO ORDERED.

DATED: December 31, 2019 at Honolulu, Hawai'i.

Derrick K. Watson
United States District Judge

---

*Dennis R. Sciotto, et al v. Association of Apartment Owners of Hanalei Bay Resort*; Civil No. 19-00433 DKW-WRP; **ORDER (1) GRANTING DEFENDANT'S MOTION TO DISMISS, AND (2) DISMISSING THE COMPLAINT WITHOUT LEAVE TO AMEND**